### U. S. COURT OF APPEALS

No. 242

#### WONG SUN v. UNITED STATES

U. S. Appeals, 6th Circuit

Nos. 3829-3832. Decided Nov. 12, 1923

601. HABEAS CORPUS—Dismissal of action in habeas corpus because Chinese ordered deported have no right to judicial hearing, affirmed on appeal, is res adjudicata to second application, presenting no questions unknown on former application.

KNAPPEN, C. J.

Epitomized Opinion

Original proceedings in habeas corpus in the District Court of the United States for the Northern District of Ohio. The four petitioners, who were of Chinese descent and not citizens of the United States, were arrested for deportation as aliens unlawfully within this country. The proceedings were dismissed by the District Court and that ruling was affirmed by this court on the ground that the immigration Act of 1917 did not preserve the right to a judicial hearing in respect to deportation of Chinese found here or who have entered in violation of the exclusion acts.

Petitioners then instituted new proceedings in habeas corpus in the District Court and that court discharged the writs and ordered petitioners remanded into the custody of the immigration authorities upon the ground that the previous discharge of the writs by the District Court and the affirmance thereof by this court worked a final adjudication of petitioners liability to deportation. Petitioners appealed to this court, contending that the doctrine of res adjudicata does not apply to an order discharging the writ of habeas corpus. Held:

In view of the appeal and affirmance thereunder and that the second application presents no considerations unknown to petitioners or which could not have been presented upon the first application, we hold that the final judgment upon the first application for habeas corpus constituted a conclusive bar to the second application. Order of District Court affirmed.

Attorneys—Wm. J. Dawley, Cleveland, for petitioners; M. A. McCormack, Asst. U. S. Atty., Cleveland (A. E. Bernsteen, U. S. Atty., and Berkeley W. Henderson, Asst. U. S. Atty., both of Cleveland, on the brief), for the United States.

---

# This Week's Digest

## TABLE OF CASES
Published in This Week's Abstract

**FEDERAL COURTS**

**U. S. Court of Appeals**

Wong Sun v. U. S., 2 Abs. 222.

**U. S. District Court**

Park v. Gilligan, 2 Abs. 222.

**STATE COURTS**

**OHIO SUPREME COURT**

**Current Cases Decided, General Docket**

Doud v. Cincinnati, 2 Abs. 211.
Fidelity & Cas. Co. v. Hartzell, 2 Abs. 211.
Kiriakis v. Fountas, 2 Abs. 211.
Piascik v. In dus. Com., 2 Abs. 212.
Rickey v. Baughman, 2 Abs. 211.

**Cases Decided, Motion Docket**
(See page 211)

**New Cases Docketed**
(See page 210)

**Advance Abstracts of Pending Cases**

Marrioti v. Hawk, 2 Abs. 212.
Cinti. Finan. Co. v. Booth, 2 Abs. 213.
Stewart v. McEwen, 2 Abs. 212.
Walter-W. Coal Co. v. Supply Co., 2 Abs. 213.
Wasserstrom v. Cols. Ry. Co., 2 Abs. 213.

**OHIO COURT OF APPEALS**

Baker v. Babitt, 2 Abs. 220.
Bradley v. Cleveland Ry. Co., 2 Abs. 222.
Bryant Heater Co. v. Kidd, 2 Abs. 216.
Cleveland Ry. v. Gray, 2 Abs. 221.
Cline v. Lantz, 2 Abs. 215.
Coblenz v. Saville, 2 Abs. 216.
Devine v. Cibula, 2 Abs. 221.
Gt. Am. Indem. Co. v. Meyer, 2 Abs. 221.
Halliday v. Palmer, 2 Abs. 215.
Heddesheimer v. Milliken, 2 Abs. 217.
N. Y. Cent. Co. et v. Meacham, 2 Abs. 218.
O'Neil v. Horwits and Solomon, 2 Abs. 219.
Sachs v. Friedman, 2 Abs. 219.
Smalley v. Miller, 2 Abs. 215.
Spear v. Cleveland Ry. Co., 2 Abs. 221.
Walter-W. Coal Co. v. Supply Co., 2 Abs. 218.
Williams Ex. v. Christopher, 2 Abs. 217.

---

## DIGEST OF OPINIONS
Published in This Week's Abstract

4. ABORTION—In civil action for damages for abortion, when a petition (923) does not allege want of consent, not to be inferred that consent was given—Liable regardless of consent. Heddesheimer v. Milliken, OA. 2 Abs. 217.
See 921, Physician and Surgeon.

AGENCY. See Principal and Agent.

61. ALIENATION OF AFFECTIONS. See 615, Husband and Wife.

64. ALIENS. See 601, Habeas Corpus.

85. APPEALS—Error proceedings allowed in Court of Appeals in cases appealed from, Industrial Com. to Common Pleas. Piascik v. Ind. Com., OS. Syl. 2 Abs. 212.

114. ATTORNEYS—Fee as part of judgment. Stewart v. McEwens, OS. Pend. 2 Abs. 212.
Misconduct of in trial (1195)—Collision of trolley car (1115) and motorcycle—Negligence (829) of motorman. Wasserman v. Cols. Ry., OS. Pend. 2 Abs. 213.
See 485, Executors.